BEFORE THE THIRD DIVISION, FEBRUARY 2, 1949

**No. 52865.**—Armand Schmoll, Inc. *v.* United States, petition 5801–R (New York).

CLINE, Judge: This is a petition filed under section 489 of the Tariff Act of 1930 for the remission of additional duties assessed because of the undervaluation of merchandise.

The merchandise herein consists of hides imported from Brazil on or about August 12, 1936. The original entry was made on August 14, 1936, in United States currency. An amended entry was filed on September 19, 1936, and a second amended entry on June 24, 1937, the second amended entry being the same as the original entry. Appraisement was made on or about July 15, 1937, in Brazilian milreis. An appeal for reappraisement was taken, but was abandoned by the importer and dismissed by order of the court dated March 17, 1938. The entry herein was liquidated on December 28, 1938, and this petition was filed on January 31, 1939.

Thereafter, numerous continuances were granted; first, pending final decision in a case involving currency conversion tried in the courts of the State of New York; and second, pending decision of protest No. 57467–K, *John Barr v. United States*, 11 Cust. Ct. 88, C. D. 801, decided July 30, 1943; reversed, 32 C. C. P. A. 16, C. A. D. 279, on May 22, 1944; reversed, 324 U. S. 83, on February 5, 1945.

A hearing was held on November 9, 1944, and petitioner was granted 30 days after transcription of the testimony to file a brief and the Government was allowed 60 days thereafter for its brief. Petitioner's time to file its brief was subsequently extended from time to time pending decision in protest No. 974899–G. On November 19, 1947, an order was made by the court extending petitioner's time to file its brief to 30 days after final decision in protest No. 974899–G and granting respondent 60 days thereafter for its brief. Protest No. 974899–G was decided by this court on March 24, 1948 (*Armand Schmoll, Inc. v. United States*, 20 Cust. Ct. 137, C. D. 1097), but an appeal was taken to the Court of Customs and Patent Appeals and decision thereof is pending (suit 4600). Petitioner nevertheless filed its brief on August 30, 1948. Thereafter, on November 15, 1948, upon motion of the petitioner, this court revoked its order of November 19, 1947, and ordered that the brief filed by petitioner on August 30, 1948, be considered as filed on the day the order was signed and that respondent have 60 days after that date to file its brief. On December 27, 1948, a letter was received from the Assistant Attorney General in charge of customs, stating that he did not desire to file a brief on behalf of the United States.

The issue in this case is the good faith of the petitioner in making entry as it did. Petitioner's position is that the importer paid for the merchandise in United States dollars; that entry was made in the amount of dollars expended to buy the Brazilian milreis needed for the purchase of the merchandise in the Brazilian market; that the conversion rate for the milreis was the actual one existing in that market; that if, on liquidation, the milreis had been converted at the then buying rate, there would have been no additional duty; but that conversion at the official rate of $0.083935 per milreis resulted in an increased valuation and the assessment of additional duty.

The petition herein contains the following statements:

That during the month of April, 1935, the Appraiser of Merchandise at the port of New York informed your petitioner that he contemplated a change in the practice of appraising hides from Brazil;

That such a change would result in an advance in value;

That he was willing to choose one entry as a test case and withhold action on the other entries;

That your petitioner readily agreed to this procedure and when later advised that Entry No. 719897 had been chosen by the Appraiser for a test case, your petitioner promptly filed an appeal to reappraisement;

That your petitioner later discovered that it could not secure from Brazil the information which it originally believed to be readily available and for that reason abandoned its appeal to reappraisement, following which the Appraiser permitted your petitioner to amend all the entries on which appraisement had been deferred pending the outcome of the test case;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

That the merchandise covered by said entry was invoiced and entered in United States dollars, the entered value representing the exact number of United States dollars expended to buy the Brazilian milreis needed for the purchase of the hides in the Brazilian market and the conversion rate for the milreis was the actual one existing in said market;

That the Appraiser made his return in Brazilian milreis which, when converted at a rate higher than that which existed in the open market, resulted in an appraisement higher than the entered value.

Two letters from the Assistant Secretary of the Treasury introduced into evidence as part of petitioner's collective exhibit 1 state that in accordance with petitioner's request the appraiser at New York is being instructed to complete appraisement in one entry only of those filed covering merchandise exported prior to August 3, 1936, and to suspend action in the remaining entries pending the conclusion of the litigation of the questions involved.

Three witnesses were called at the trial, Howard A. Dietrich, vice president of the importing company, Charles P. Schaefer, an employee of the said company, and Jacques Meyer, secretary of Edmond Weil, Inc. Mr. Dietrich and Mr. Schaefer were called by both the petitioner and the respondent and Mr. Meyer was called by the respondent only. According to their testimony the merchandise herein was purchased in the following manner. The hides involved were offered by a Brazilian company, Cia de Couros Pan Americana, S. A., to Edmond Weil, Inc., and were in turn offered by Edmond Weil, Inc., to Armand Schmoll, Inc The cost price to Edmond Weil, Inc., was that shown on the consular invoice. namely, 6⅞ cents per pound for steer hides, 6⅝ cents per pound for cowhides, and 6¼ cents per pound for kips, all f. o. b. Rio de Janeiro. Armand Schmoll, Inc., purchased at the following prices, c. i. f. New York, namely, 7¾ cents per pound for steer hides and cowhides, and 8 cents per pound for kips. These prices included 2½ per centum for overhead to the Rio de Janeiro firm and the profit of Edmond Weil, Inc.

Mr. Schaefer testified that he took the documents he received, the bill of lading, consular invoice, commercial invoice, and contract of purchase to the United States examiner; that the appraiser had no information as to value other than that contained in the documents; that he made entry in the currency of purchase, United States dollars; that afterwards the entry was amended because he noticed a statement in the consular invoice giving the export value in milreis; that he consulted the examiner who informed him that the entry should be based on the milreis price; that his calculations showed a tremendous increase due to the claimed rate of exchange; that after referring to the purchase contract and the consular invoice, he reamended the entry bringing it back to its original status.

The consular invoice contains the following statement:

The above Hides were purchased at 2$250 per kilo ex plant.
"      "    kips    "          "        " 2$000  "   "   "   "

Mr. Schaefer testified that at the time he read the invoice containing the above prices he did not know what the official rate of conversion was; that he first heard it at the appraiser's office after he made the entry; that the examiner told him to make the entry at the official rate; that he did not believe conversion at the official rate represented a true picture of the importation, which was based on United States currency value per pound. He stated, however, that the nondutiable items were deducted in milreis converted at the official rate; that he could have used that rate in computing the dutiable value, but that he did not. He stated also that he did not use the amounts in the original commercial invoice from Edmond Weil, Inc., to Armand Schmoll, Inc., because it included additional charges and corresponded to the contract price, c. i. f. New York, whereas the prices shown on the consular invoice were f. o. b. steamer Rio de Janeiro.

In connection with the method of converting the currency, Mr. Meyer testified that the calculations on the consular invoice were made at the prevailing rate of conversion in Brazil in order to arrive at the dollar cost; that the prevailing rate in Brazil was a so-called composite rate, which is the actual average of a sale of exchange, part of which is at a certain rate fixed by the Brazilian Government and the other part at the free rate; that a shipper could not obtain an export license unless 35 per centum of the milreis purchased to pay for the goods were bought at the Brazilian official rate; that the Brazilian official rate was less than the American official rate.

It is stated in the petition that the appraiser advised the petitioner in April 1935 that he contemplated a change in the practice of appraising hides from Brazil. On direct examination for the petitioner, Mr. Dietrich stated that he did not know that there had been a change in the method of valuation until after he had had a talk with Mr. Schaefer subsequent to the time the entry was made. Mr. Schaefer testified that he did not know of any change in the method of appraising hides before this entry was made; that at that time the appraiser informed him that in the future he was going to appraise on a milreis basis. However, when Mr. Dietrich was recalled, he stated that he was in constant consultation with the firm's attorneys on the matter of conversion of the currency; that conferences took place about a month before this entry was made, and that Mr. Schaefer participated in some of them.

Both Mr. Dietrich and Mr. Schaefer stated that they gave all the information they had to the customs officials; that they had no intention of evading the law; and that they acted in good faith at all times.

There is evidence in the record herein that the petitioner was notified long prior to this entry that the appraiser contemplated a change in the method of appraisement; that such change was put into effect at the time this entry was made; that this entry was selected as a test case and then abandoned; that the question of the proper rate of conversion of Brazilian milreis has been and is still being litigated by the petitioner herein in other cases. There is no evidence of any concealment of facts or withholding information from the appraiser. While it is not clear whether or not Mr. Schaefer knew at or prior to the time of entry that the appraiser was putting into effect the new method of appraisement, it appears that the entry was first amended in conformity with the appraiser's instructions and then reamended to establish a test case.

A somewhat similar situation was involved in *Universal Commercial Corp.* v. *United States*, 1 Cust. Ct. 71, C. D. 20. There, the petitioner purchased Argentine pesos at the free rate and the shipper converted the pesos into United States

dollars at the same rate and invoiced the merchandise in United States dollars. The merchandise was appraised in Argentine pesos at a value certified by the Federal Reserve bank as a "Nominal rate." It was held that the entry of the merchandise in the amount of dollars actually expended for the goods did not preclude a finding of good faith on the part of the petitioner.

On the record herein we hold that the petitioner, in making the entry in this case, acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is granted. Judgment will be rendered accordingly.